```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

MIA BARNES,

       Plaintiff,
v.                                  Case No. 8:12-cv-84-T-33TBM

MANATEE COUNTY SHERIFF'S
DEPARTMENT, ET AL.

_____/

## **ORDER**

This cause is before the Court pursuant to Defendant W. Brad Steube's Motion to Strike Punitive Damages Claims (Doc. # 9), filed on January 18, 2012. Plaintiff Mia Barnes failed to timely respond to Steube's Motion or move the Court for an extension of time. The Court will therefore consider the Motion as unopposed. For the reasons that follow, the Court grants the Motion to Strike.

**I.   Background**

On November 29, 2009, Barnes was arrested by Manatee County Sheriff's Deputies for "trespass after warning" in a dispute over an oral lease agreement. (Doc. # 2 at ¶¶ 9, 12, 16). Barnes alleges that Sheriff's Deputies threw her shoes into a trash can and subsequently degraded, baited and humiliated her during the intake process at the Manatee County jail. (Id. at ¶¶ 25-29). Barnes refused an order to retrieve her shoes and was tased three times. (Id. at ¶¶ 37-39).

An internal affairs (IA) investigation was conducted because Deputies allegedly used a Taser on an unarmed, non-violent detainee. (Id. at ¶¶ 47-49). The IA report found that the initial use of the Taser was unjustified but the subsequent applications were appropriate due to Barnes's "aggressive physical resistance" and "combative" response. (Id. at ¶ 50). Barnes alleges that the actions of the Deputies and the IA report show that it is the policy of the Manatee County Sheriff's Department to condone the use of excessive force against non-violent, non-resistant detainees in violation of their constitutional rights. (Id. at ¶ 51).

Barnes filed suit in state court on December 6, 2011, against the Manatee County Sheriff's Department, Steube as Sheriff of Manatee County, and four Deputies in their official capacities and also individually. The case was removed to this Court on January 17, 2012. (Doc. # 1). The seven-count complaint alleges constitutional violations pursuant to 42 U.S.C. § 1983, as well as common law assault and civil conspiracy. At issue with regard to the instant Motion is Count VII, a § 1983 claim against Steube, as Sheriff, for failure to implement appropriate policies, customs and practices regarding the application of force against detainees at the Manatee County jail. (Doc. # 2 at ¶¶ 95-109).

## II. Analysis

Rule 12(f) of the Federal Rules of Civil Procedure, provides that upon motion by a party or upon the court's initiative, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When considering a motion to strike, a court must accept all well-pled facts as true and not consider matters beyond the pleadings. Carlson Corp./Se. v. Sch. Bd. of Seminole Co., Fla., 778 F. Supp. 518, 519 (M.D. Fla. 1991).

A motion to strike is a drastic remedy disfavored by the courts. Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Generally, "a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

In this instance, however, the Court agrees that Barnes is not entitled to punitive damages against Steube. In City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981), the Supreme Court held that a municipality is immune from punitive damages under § 1983. Id. at 271. Because claims against

government officials are claims against the governmental entity to which they belong, such officials are similarly immune from punitive damages. Morris v. Crow, 825 F. Supp. 295, 299 (M.D. Fla. 1993). The Eleventh Circuit has held that the Supreme Court's reasoning in Newport extends to a Florida Sheriff's Department, thus barring a punitive damage claim against a Sheriff in his official capacity. Colvin v. McDougal, 62 F.3d 1316, 1319 (11th Cir. 1995).

Count VII of the Complaint alleges a § 1983 claim against Steube as Sheriff of Manatee County. Based upon the foregoing, the Court finds that Barnes's punitive damages claim should be stricken as to Steube.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant W. Brad Steube's Motion to Strike Punitive Damages Claims (Doc. # 9) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

4