```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

MIA BARNES,

        Plaintiff,
v.                                   Case No.  8:12-cv-84-T-33TBM

MANATEE COUNTY SHERIFF'S
DEPARTMENT, ET AL.

        Defendants.
_____/
```

## ORDER

This cause is before the Court pursuant to Defendant, Deputy Donald McGowan's Motion to Dismiss Counts III, V and VI of Plaintiff's Complaint (Doc. # 15), filed on January 30, 2012. Plaintiff Mia Barnes filed a Response in Opposition to the Motion (Doc. # 21) on February 2, 2012. For the reasons that follow, the Court grants the Motion in part and denies it in part.

## I.  Background

On December 6, 2011, Barnes filed suit in state court against the Manatee County Sheriff's Department and several of its officers. (Doc. # 2). The seven-count complaint alleges constitutional violations pursuant to 42 U.S.C. § 1983, as well as assault and battery and civil conspiracy. The case was removed to this Court on January 17, 2012. (Doc. # 1).

Barnes alleges that Manatee County Sheriff's Deputies used excessive and unjustified force against her during her pretrial detention at the Manatee County jail facility following her arrest on November 29, 2009. (Doc. # 2 at ¶¶ 9, 12, 16). Barnes alleges that the Deputies threw her shoes into a trash can and subsequently degraded, baited and humiliated her. (Id. at ¶¶ 25-29). Barnes refused an order to retrieve her shoes and was Tasered three times. (Id. at ¶¶ 37-39).

## II. Legal Standard

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009). While such factual allegations need not be detailed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

"To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do

2

not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### III. Analysis

McGowan moves to dismiss three of the four counts against him: Count III, for cruel and unusual punishment in violation of the Eighth Amendment; Count V, for common law assault and battery; and Count VI, for civil conspiracy pursuant to § 1983. The Motion does not address Count II, for use of excessive force in violation of the Fourth and Fourteenth Amendments.

#### A. Eighth Amendment Claim (Count III)

McGowan asserts that Count III must be dismissed because pretrial detainees such as Barnes are not protected by the Eighth Amendment. (Doc. # 15 at 4). "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners."

3

Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996). "However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." Id.

Because the same standard applies to Eighth and Fourteenth Amendment claims, Barnes argues that the Eleventh Circuit has adopted a "hybrid test" in analyzing claims involving pretrial detainees. (Doc. # 21 at 10). As such, she asserts that "the pretrial detainee occupies a middle ground between arrest and conviction." (Id. at 11). She concedes that "the appropriate analysis of her claim is under the Fourth and possibly the Fourteenth Amendments rather than the Eighth" but has pled her Eighth Amendment claim in the alternative.

The Court disagrees that the Eighth Amendment provides an alternative framework for Barnes's claim. The same analytical standard is used in both Eighth and Fourteenth Amendment claims because pretrial detainees are afforded similar protections as convicts; that does not mean, however, that the two legal foundations are interchangeable. "It would indeed be illogical for the Due Process Clause to protect still-innocent detainees less than the Cruel and Unusual Punishment Clause protects convicts, but the corollary to that conclusion is not that Eighth Amendment jurisprudence governs disposition of

4

Fourteenth Amendment cases." Telfair v. Gilberg, 868 F. Supp. 1396, 1405 (S.D. Ga. 1996).

The Eleventh Circuit has allowed the Eighth Amendment claims of pretrial detainees to proceed under a Fourteenth Amendment analysis. See Cottone v. Jenne, 326 F.3d 1352, 1365 n.4 (11th Cir. 2003) (stating that the court would refer to the plaintiffs' Eighth Amendment claims "as arising under the Fourteenth Amendment"). Here, however, Barnes has separately pled a Fourteenth Amendment claim (Count II).[1] Thus, the Court finds it appropriate to dismiss Count III.

B. **Common Law Assault and Battery (Count V)**

McGowan moves to dismiss Count V, for common law assault and battery, because at all times material to the Complaint he was acting as an employee and Deputy Sheriff of the Manatee County Sheriff's Office. (Doc. # 15 at 6). Florida law expressly limits common law tort claims against individual government employees and government agencies:

> No officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action

---

[1] Barnes asks the Court to adopt the reasoning of Albritten v. Dougherty County, Georgia, 973 F. Supp. 1455 (M.D. Ga. 1997), and apply Fourth Amendment standards to this case. However, the instant Motion does not address Barnes's Fourth Amendment claim (Count II). Thus, the Court declines to engage in such an analysis at this juncture.

5

> for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his or her employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee or agent committed while acting outside the course and scope of his or her employment or committed in bad faith or with a malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). McGowan appears to argue that this limited waiver of sovereign immunity precludes Barnes from bringing a claim against him individually as well as in his official capacity, the latter being tantamount to a suit against Sheriff W. Brad Steube, the constitutional officer who appointed him. (Doc. # 15 at 7).

The Florida Supreme Court has explained that § 768.28(9)(a) "extend[s] the veil of sovereign immunity to the specified governmental employees when they are acting within the scope of employment, with the employing agency alone remaining liable up to the limits provided by statute." McGhee v. Volusia County, 679 So. 2d 729, 733 (Fla. 1996). When the employee's acts fall outside the scope of employment, or are committed in bad faith or with malicious purpose, or in a manner exhibiting wanton and willful disregard of human

rights, safety or property, that veil is lifted as to the employee and shields, instead, the employing agency. Id.; see also Perkins v. City of Jacksonville Beach, No. 3:06-cv-486-J-33MCR, 2007 WL 1796269, at *3 (M.D. Fla. June 21, 2007) ("the individual officer, employee, or agent can be liable for such acts"). "In any given situation either the agency can be held liable under Florida law, or the employee, but not both." McGhee, 679 So. 2d at 733. That does not mean, however, that McGowan is immune simply because he was acting in his official capacity.

Barnes alleges that McGowan conducted a "premeditated" and "unprovoked" attack on a "passive non-violent and non-threatening female in custody." (Doc. # 2 at ¶¶ 39-42). She asserts that a jury could view these acts as precluding McGowan's immunity. (Doc. # 21 at 13). Accepting these allegations as true, and at this stage of the proceedings, the Court finds that Barnes has pled a claim for assault and battery against McGowan sufficient to survive a motion to dismiss. Thus the Court denies the Motion as to Count V.

**C.   Civil Conspiracy pursuant to § 1983 (Count VI)**

McGowan argues that Count VI is vague and confusing and that § 1983 provides no basis for a claim for civil conspiracy. As such, McGowan urges this Court to dismiss Count

7

VI or require that Barnes adequately plead the basis for her claim. However, McGowan provides no basis for his argument.

"To state a claim under § 1983, a plaintiff must allege that he was deprived of a federal right by a person acting under color of state law." Hansel v. All Gone Towing Co., 132 Fed. App'x 308, 309 (11th Cir. 2005). To state a claim for conspiracy pursuant to § 1983, Barnes must show an agreement between two or more state actors to deprive her of her federal rights, an overt act in furtherance of that illegal objective, and resulting injury. See id.; Jennings v. City of Miami, No. 07-23008-CIV, 2009 WL 413110, at *10 (S.D. Fla. Jan. 27, 2009); Rauen v. City of Miami, No. 06-21182-CIV, 2007 WL 686609, at *11 (S.D. Fla. Mar. 2, 2007).

The Eleventh Circuit has held that "[a] plaintiff claiming a conspiracy under § 1983 must make particularlized allegations that a conspiracy exists. Vague and conclusory allegations suggesting a § 1983 conspiracy are insufficient to withstand a motion to dismiss." Hansel, 132 Fed. App'x at 309 (citations omitted). Upon careful review, the Court finds that Barnes's allegations are neither vague nor conclusory.

Barnes alleges that the Deputies choreographed the incident involving her shoes in order to provoke her into some physical reaction against which they could retaliate. (Doc. #

8

2 at ¶ 91). She further alleges that each of the Deputies willfully participated in the assault on her, either by actually using excessive force or by failing to intervene. (Id. at ¶ 41-43, 93). These acts furthered the illegal objective of violating her constitutional rights. (Id. at ¶ 93). Accepting these allegations as true, the Court finds that Barnes has adequately stated a claim for § 1983 conspiracy. The Court therefore denies the Motion as to Count VI.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

Defendant, Deputy Donald McGowan's Motion to Dismiss Counts III, V and VI of Plaintiff's Complaint (Doc. # 15) is **GRANTED in part** and **DENIED in part**. Count III is dismissed. The Motion is otherwise denied.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of June, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record

9